E-FILED
Friday, 28 April, 2006  02:42:02 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BARBARA BOND, | ) |
| Plaintiff, | ) |
| v. | ) No. 05-3287 |
| AARONS CONSTRUCTION CO., et al., | ) |
| Defendants. | ) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendants Marc Landrey and Aaron's Construction Company's Motion to Dismiss Counts I, II, IV and V pursuant to Federal Rule of Civil Procedure 12(b)(6) (d/e 6). For the reasons set forth below, the Court allows the Motion.

For purposes of the Motion to Dismiss, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to Plaintiff Barbara Bond. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). The

1

Complaint should not be dismissed unless it appears beyond doubt that Barbara Bond can prove no set of facts that would entitle her to relief. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996).

The Complaint alleges that Defendant Marc Landrey is a Notary Public. He is an agent of Defendant Aaron's Construction Company (Aaron). Barbara Bond has an ownership interest in certain real property located in Decatur, Illinois (the Property). In November 2003, Landrey notarized a Quitclaim Deed purporting to transfer a five-sixth interest in the Property to William C. Bond Jr.[1] The Deed had five grantors: Charles L. Bond, Toney Bond, Barbaralean Bond, Willie Bond, and Anglean Bond. Landrey acknowledged that all the grantors appeared before him personally and executed the Deed. Plaintiff Barbara Bond alleges that this was untrue. The five grantors were not in his presence when he acknowledged the Deed.

The Property was then subjected to a lien by Aaron. Aaron then somehow transferred the Deed to the Property to Co-defendant Community

---

[1] The Quitclaim Deed is attached to an Affidavit submitted by the Plaintiff. Opposition to Defendants Aaron Construction Co. and Marc Landrey Motion to Dismiss Complaint (d/e 13), attached Affidavit, Exhibit 2 and 3. The Court may consider the Deed at the Motion to Dismiss stage because the Deed is specifically referred to in the Complaint and is central to the claim. 188 LLC v. Trinity Industries, Inc., 300 F.3d 730, 735 (7th Cir. 2002).

Home Financial Services, Inc. (Community).  Community has not yet been served and has not appeared in this case.  Barbara Bond alleges that she has been denied her interest in the Property as a result of this fraudulent transaction and that Landrey acted under color of law as part of this fraudulent transaction.  She alleges claims for denial of her property without due process and denial of due process against Landrey and Aaron.

Barbara Bond fails to state a claim for denial of her property without due process and denial of due process because she fails to allege that she took advantage of available state process.  Where remedies exist pursuant to state law, a plaintiff is required to avail herself of the state law remedies or demonstrate that those remedies are inadequate.  <u>Doherty</u>, 75 F.3d at 323.  Bond has a remedy under the Illinois Notary Public Act for Landrey's fraudulent conduct.  5 ILCS 312/7-101.  She also has available remedies under state law for the allegedly fraudulent transfer of her interest in the Property.  Because she has available state law remedies, she has not been denied due process and her property has not been taken without due process.  She fails to state a constitutional claim.

Bond asks the Court to treat her pleadings liberally because she is proceeding <u>pro se</u>.  Reading the pleadings liberally, she alleges facts which

3

might entitle her to remedies under state law as discussed above; however, based on the allegations in the Complaint, this Court lacks subject matter jurisdiction over those claims.

THEREFORE, Defendants Marc Landrey and Aaron's Construction Company's Motion to Dismiss Counts I, II, IV and V Pursuant to Federal Rule of Civil Procedure 12(b)(6) (d/e 6) is ALLOWED. The claims for denial of due process and taking of property without due process in Counts I, II, IV, and V are dismissed with prejudice. The Plaintiff's possible state law claims arising from the actions alleged in the Complaint are dismissed for lack of subject matter jurisdiction. Defendants Marc Landrey and Aaron's Construction Company are dismissed as parties from this action.

IT IS THEREFORE SO ORDERED.

ENTER:  April 28, 2006.

    FOR THE COURT:

                              s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                    UNITED STATES DISTRICT JUDGE